WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Vintage Farms LLC, et al., | No. CV-16-04157-PHX-GMS |
| Plaintiffs, | **ORDER** |
| v. | |
| Armed Forces Bank NA, | |
| Defendant. | |

Pending before the Court is Defendant's Motion to Strike Plaintiffs' Jury Demand, (Doc. 20). For the following reasons, the Court grants the motion.

## BACKGROUND

In 2006 Vintage Farms L.L.C. ("Vintage"), Vanderbilt Farms L.L.C. ("Vanderbilt"), ABCDW L.L.C., Ashton Wolfswinkel, and Brandon Wolfswinkel (together, "the Plaintiffs") executed a promissory note for $36,718,000.00 ("2006 Promissory Note") in favor of Midwest Bank, N.A. ("Midwest Bank"). (Doc. 20-2 at 2.) In 2010, the Plaintiffs negotiated a settlement of their financial obligations to Midwest Bank ("2010 Agreement"). The property securing the 2006 Promissory Note was sold and assigned to Havrock REIT Sub, L.L.C. for approximately $30,761,500.00. (Doc. 20-2 at 3.) The amount that remained unpaid following the sale of the property, approximately $3,000,000.00, was secured in a promissory note in favor of Defendant, Armed Forces Bank NA ("AFB"), as successor-by-merger to Midwest Bank ("2011 Promissory Note"). (Doc. 20-1 at 4; Doc. 20-2 at 19.) In accordance with the 2010

Agreement, a judgment was entered in Maricopa County Superior Court for the amount of the 2011 Promissory Note in favor of AFB ("the Judgment"). (Doc. 1-1 at 43–44; Doc. 20-1 at 4; Doc. 20-2 at 11.) The 2010 Settlement Agreement included the following provision:

> <u>Waiver of Jury Trial.</u> Lender, Borrower and Guarantors hereby waive, to the fullest extent permitted by applicable law, the right to trial by a jury in any action or proceeding based upon, or related to, the subject matter of this Agreement, the Note, the Security Instrument, and/or the other Loan Documents.

(Doc. 20-2 at 19.)

In 2015 Plaintiffs agreed to pay, and Defendant agreed to accept, $400,000.00 to resolve Plaintiffs' financial obligations under the 2011 Promissory Note and Judgment ("2015 Agreement"). (Doc. 20-1 at 4.) Plaintiffs allege AFB advised them that AFB had sufficient authority to consummate the 2015 Agreement, even though one loan participant objected to the agreement's terms. (Doc. 20-1 at 4.) However, in 2016, AFB assigned the 2011 Promissory Note and the Judgment to 40th Street Office Park #2, L.L.C. ("40th Street"), the loan participant who had objected to the 2015 Agreement. (Doc. 20-1 at 5.) Plaintiffs allege that AFB was aware that 40th Street objected to the 2015 Agreement and had no intention of honoring its terms. (*Id.*) Plaintiffs filed suit against AFB in the Maricopa County Superior Court for Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing, Fraudulent Inducement, and Negligent Misrepresentation. (Doc. 20-1 at 2.) AFB removed the case to this Court on December 1, 2016. (Doc. 1.)

Plaintiffs filed a Demand for Jury Trial on January 9, 2017. (Doc. 14.) Defendant, in turn, filed a Motion to Strike Plaintiffs' Jury Demand, asking the court to enforce the waiver provision in the 2010 Agreement. (Doc. 20.) Defendant argues that Plaintiffs' four claims each relate to and arise out of the 2010 Agreement, not the 2015 Agreement, and therefore the jury waiver of the 2010 Agreement extends to this action. (Doc. 20 at 1.)

# DISCUSSION

## I. Legal Standard

### A. Validity of Jury Waivers

The right to a jury trial in civil cases tried before federal courts is constitutionally protected. U.S. Const. amend. VII. A federal court sitting in diversity looks to both federal and state law to determine the validity of a jury trial waiver contained in a contract. *In re Cty. of Orange*, 784 F.3d 520, 523 (9th Cir. 2015). Under federal law the right to a jury trial may be waived by a contract that was knowingly and voluntarily executed. *Id.* (citing *Palmer v. Valdez*, 560 F.3d 965, 968 (9th Cir. 2009) ("[T]he federal standard is a constitutional minimum courts use to protect litigants' Seventh Amendment rights to trial by jury."). If the applicable state law is more protective of the jury trial right than the constitutional minimum, that higher state standard must be met. *Id.* Arizona law, however, is arguably less protective than the federal constitutional minimum. *See Harrington v. Pulte Home Corp.*, 211 Ariz. 241, 249–51, 119 P.3d 1044, 1052–54 (Ct. App. 2005) (rejecting the proposition that "any waiver of the right to jury trial must be knowingly, voluntarily and intelligently made"). Accordingly, the federal standard governs.

Whether a waiver was knowing and voluntary is determined by considering the facts of the case. *Palmer*, 560 F.3d at 968 (citing *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 222 (3d Cir. 2007)). District courts commonly consider the following factors 1) whether there was a disparity in bargaining power between the parties, 2) the business acumen of the party opposing the waiver, 3) whether the opposing party had an opportunity to negotiate contract terms, and 4) whether the clause containing the waiver was inconspicuous. *See Cannon v. Wells Fargo Bank N.A.*, 917 F. Supp. 2d 1025, 1058 (N.D. Cal. 2013) (collecting cases).

### B. Scope of Jury Waiver Provisions

A knowingly and voluntarily executed waiver is narrowly construed and any ambiguity is decided against the waiver. *See Lutz v. Glendale Union High Sch.*, 403 F.3d

1061, 1064 (9th Cir. 2005) (noting courts will indulge in every reasonable presumption against a waiver of the fundamental right to a jury). When determining the scope of the jury waiver, district courts have considered the contractual language used by the parties to describe the waiver's reach. *See Phoenix Leasing Inc. v. Sure Broad. Inc.*, 843 F. Supp. 1379, 1388 (D. Nev. 1994). Courts have also considered whether the plaintiff's claims are related to the subject matter of the parties' agreement. *See Okura & Co. (Am.), Inc. v. Careau Grp.*, 783 F. Supp. 482, 491 (C.D. Cal. 1991) (holding the plaintiff's claims were within the scope of the jury waiver because the claims arose out of the performance of duties called for by the parties' financing agreement containing the jury waiver); *see also Phoenix Leasing*, 843 F. Supp. at 1388 (holding the plaintiff's claims were within the scope of the jury waiver because they could not be decided without referencing the legal effect of the original agreement).

**II. Analysis**

    **A. The jury waiver is constitutionally valid because it was knowingly and voluntarily executed.**

There is no dispute that the 2010 Agreement containing the jury waiver provision was knowingly and voluntarily executed, and the jury waiver provision is therefore constitutionally valid.

    **B. Plaintiffs' claims are within the scope of the jury waiver because they concern subsequent modifications of the 2010 Agreement.**

The language of the jury waiver provision in the 2010 Agreement states that the parties agree to waive the right to trial by a jury in any action or proceeding "based upon" or "related to" the subject matter of the 2010 Agreement. (Doc. 20-2 at 19.) Therefore, the question is whether Plaintiffs, by knowingly and voluntarily agreeing to a jury waiver that covers everything "based upon" or "related to" the subject matter of the 2010 Agreement, agreed to waive the right to a jury trial on issues arising out of the 2015 Agreement. Here, Plaintiffs' claims are within the scope of the jury waiver because the 2015 Agreement would have fulfilled Plaintiffs' financial obligations to AFB under the

2010 Agreement. *See Okura*, 783 F. Supp. at 489 (finding jury waiver applied where all claims "either relate[d] to the financing arrangement itself or derive[d] from duties allegedly created by" an agreement).

Plaintiffs' first claim for relief against AFB is for breach of contract. (Doc. 1-1 at 6.) Plaintiffs allege that AFB failed to consummate the 2015 Agreement, which would have discharged Plaintiffs from the obligation to pay AFB the 2011 Promissory Note for $3,000,000.00. (*Id.*) The 2011 Promissory Note was a partial payment to fulfill Plaintiffs' original obligations to AFB under the 2006 Promissory Note, the resolution of which was the primary subject of the 2010 Agreement:

> <u>Settlement Agreement.</u> This Note is executed in connection with the transaction contemplated by that certain Settlement Agreement entered into to be effective as of October 28, 2010, among Lender (as successor by merger to Bank Midwest, N.A.), Maker, Vanderbilt Farms, L.L.C., an Arizona limited liability company, ABCDW, L.L.C., an Arizona limited liability company and Vintage Farms, L.L.C., an Arizona limited liability company.

(Doc. 1-1 at 33.)

Plaintiffs' second claim for relief is that AFB breached the implied covenant of good faith and fair dealing by assigning its rights and interests under the 2011 Promissory Note and the Judgment to 40th Street. (Doc. 1-1 at 6–7.) Plaintiffs allege that the assignment to 40th Street deprived Plaintiffs of the economic benefits of the 2015 Agreement, because 40th Street had no intention of honoring the terms of the 2015 Agreement. (*Id.*) As previously stated, the 2011 Promissory Note was a partial payment to fulfill Plaintiffs' original obligations to AFB under the 2006 Promissory Note, the resolution of which was the primary subject of the 2010 Agreement. (Doc. 1-1 at 33.) In addition, the Judgment reflecting Plaintiffs' debt to AFB is based on the 2011 Promissory Note and is expressly contemplated in the 2010 Agreement:

> <u>Stipulation to Deficiency Judgment.</u> No later than November 8, 2010, Borrower shall execute and deliver to the DIL Escrow a stipulation to Judgment in the amount equal to the Deficiency Amount . . . and Guarantors hereby consent to the Stipulation to Judgment.

(Doc. 1-1 at 19.)

> <u>Judgment Information Statement</u>. . . . The amount of the judgment or decree as entered or as most recently renewed: $3,000,000.00 plus interest at the rate of 10% per annum, from and including the date of filing the Judgment (March 3, 2011), until satisfied.

(Doc. 1-1 at 41.)

Plaintiffs' third claim for relief is that AFB knowingly made false representations and assurances to fraudulently induce Plaintiffs to enter into the 2015 Agreement. (Doc. 20-1 at 7.) Plaintiffs assert that they reasonably relied on AFB's representations and assurances by arranging funding for the $400,000.00 payment to discharge them from their obligations under the 2011 Promissory Note and Judgment. (*Id.*) As with Plaintiffs' first two claims, this third claim is based upon the discharge of Plaintiffs' financial obligations to AFB under the 2011 Promissory Note and Judgment, payment of which was the primary subject of the 2010 Agreement.

Plaintiffs' fourth claim incorporates the prior allegations and asserts that AFB negligently misrepresented its authority and intent to proceed with the 2015 Agreement when in actuality AFB assigned its rights and interests under the 2011 Promissory Note and Judgment to 40th Street, who objected to the 2015 Agreement. (Doc. 1-1 at 7–8.) Like Plaintiffs' first three claims, this fourth claim also concerns the 2011 Promissory Note and Judgment, payment of which would discharge Plaintiffs of their financial obligations to AFB under the 2010 Agreement.

Therefore, each of Plaintiffs' four claims for relief is related to the subject matter of the 2010 Agreement, and the jury waiver contained in that Agreement is effective here.

*/ / /*
*/ / /*
*/ / /*
*/ / /*
*/ / /*
*/ / /*

1     **IT IS THEREFORE ORDERED** that Defendant's Motion to Strike Plaintiffs' Jury Demand, (Doc. 20), is **GRANTED**. The Clerk of Court is directed to strike Plaintiffs' Demand for Jury Trial, (Doc. 14).

Dated this 27th day of June, 2017.

_____
Honorable G. Murray Snow
United States District Judge